IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION ) ) ) | MDL Docket No. 1332 |
| This document relates to: ) ) | Hon. J. Frederick Motz |
| *Daisy Mountain Fire District* ) *v. Microsoft Corp.,* ) Civil Action No. JFM-07-2851 ) _____) | |

**ORDER CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT AND AWARDING ATTORNEYS FEES, COSTS AND AN INCENTIVE FEE**

WHEREAS, on June 19, 2009, this Court entered an Order preliminarily approving the terms and conditions of this Settlement (as reflected in the Settlement Agreement dated May 18, 2009, together with the Appendices to the Settlement Agreement);

WHEREAS, the Settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, this matter has come before this Court on a motion by Plaintiff and Counsel for the Settlement Class for final approval of the Settlement Agreement and on a motion by Plaintiff and Counsel for the Settlement Class for award of attorneys' fees, costs, and an incentive fee; and

WHEREAS, this Court, having considered all papers filed and proceedings held in connection with said motions, having held a hearing on December 11, 2009, notice of the hearing having duly been given in accordance with this Court's Order dated June 19, 2009, and finding no just reason for delay in entry of this Order Certifying Settlement Class, Approving Settlement, and Awarding fees, Costs and an Incentive Award ("Order of Approval");

NOW, THEREFORE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. The terms defined in the Settlement Agreement are incorporated in this Order.

2. This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Settlement Class (as defined in the Settlement Agreement), and all departments, subdivisions, agencies and other subsidiary organizations that are part of or operate under the authority of any member of the Settlement Class.

3. For purposes only of this Order of Approval and the Settlement contemplated by the Settlement Agreement, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies the Settlement Class, defined as follows:

> All government entities located in Arizona (excluding the federal government, foreign governments and government entities from states other than Arizona) that indirectly licensed Microsoft Operating System software and/or Microsoft Application software between May 18, 1994 and December 31, 2008 and did not obtain such software for purposes of resale.

4. This Court grants final and unconditional approval of the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure.

5. This Court finds and concludes that the notice given to the members of the Settlement Class complied with this Court's Order dated June 19, 2009, and that the notice (including, but not limited to, the Forms of Notice and methods of identifying and giving notice to the class) was the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable law or rules of the Court.

6.     This Court dismisses this case with prejudice.

7.     By this Order, Microsoft is expressly and irrevocably, fully and finally, released and forever discharged from All Claims by members of the Settlement Class (and their departments, subdivisions, agencies and other subsidiary organizations that are part of or operate under the authority of any member of the Settlement Class) as provided in the release contained in section III of the Settlement Agreement. The release is attached to this Order as Exhibit A.

8.     Each and every member of the Settlement Class (and its departments, subdivisions, agencies and other subsidiary organizations that are part of the Settlement Class member or operate under its authority), as well as those acting in concert with them, are permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing, either directly or indirectly, all claims, demands, actions, suits and causes of action against Microsoft and/or its directors, officers, employees, attorneys, insurers or agents, whether known or unknown, asserted or unasserted, that are released under paragraph 7 above.

9.     Only those members of the Settlement Class that have filed valid requests for exclusion under Section II.F of the Settlement Agreement are excluded from the Settlement Class and are not bound by the release contained in the Settlement Agreement or by paragraphs 7 and 8 above. A list of those members of the Settlement Class that have filed valid requests for exclusion is attached to this Order as Exhibit B. Any member of the Settlement Class whose name does not appear on that list failed to file a valid opt out request, and each such Settlement Class member (along with its departments, subdivisions, agencies and other subsidiary organizations that are part of the Settlement Class member or operate under its authority) is barred from asserting otherwise. For a period of four (4) years from the Effective Date of the Settlement, the Clerk of this Court shall maintain the record of those members of the Settlement

Class that have filed valid opt out requests. A certified copy of that record shall be provided to Microsoft at Microsoft's expense.

10. Without affecting the finality of this judgment, the Court reserves and retains continuing and exclusive jurisdiction over this Settlement and all provisions of the Settlement Agreement, and over any and all disputes and matters of any kind relating in any way to, or arising in any way from, the Settlement Agreement, including but not limited to administration, supervision, consummation, enforcement, construction and interpretation of the Settlement Agreement or any of its provisions, and for any other necessary purposes, and including all proceedings that are not the subject of a pending appeal. If the Final Judgment entered upon approval of the Settlement in this case is reversed or overturned on appeal, then this Order of Approval and the Settlement Agreement shall have no force or effect, and the parties to the proceeding shall be restored to their respective positions existing as of the date immediately prior to the execution of the Settlement Agreement. The Settlement Class and Microsoft shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

11. Microsoft shall pay attorneys' fees and costs in the amount of $ 836,386.46 for work performed by all counsel for the Settlement Class and counsel for plaintiff in this litigation no later than 15 business days after the Date of Final Approval. Microsoft shall also pay $10,000 to Daisy Mountain Fire District for its services to the class no later than 15 business days after the Date of Final Approval.

IT IS SO ORDERED.

DATED this \_\_\_\_ day of _____, 2009.

_____
The Honorable J. Frederick Motz
United States District Court Judge

## EXHIBIT A

<u>Release</u>.  Each Settlement Class member, on behalf of itself and its subdivisions, departments, agencies and other subsidiary organizations that are part of the Settlement Class member or operate under its authority, hereby expressly and irrevocably waives and fully, finally and forever settles and releases any and all claims, whether legal, equitable, injunctive, or regulatory, for damages, fines, penalties, restitution, disgorgement or any other relief from or against Microsoft, and/or its directors, officers, employees, attorneys, insurers or agents, whether such claims are known or unknown, asserted or unasserted, that any member of the Settlement Class ever had, could have had, now has or hereafter can, shall or may have, relating in any way to any conduct, act or omission that is the subject matter of the Complaint filed in the Lawsuit and which arise from or relate to the purchase, use and/or acquisition of a license for a Microsoft Operating System and/or Microsoft Application and where the claims, demands, actions, suits or causes of action concern or relate to any of the following: (a) antitrust (including without limitation the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq.*, and A.R.S. §§ 44-1401 *et seq.*), (b) unfair competition, (c) unfair practices, (d) price discrimination, (e) trade regulation, (f) trade practices, and/or (g) other federal or state law, regulation or common law similar or analogous to any of the above.  This Release does not include claims relating to the acquisition or licensing of Microsoft Operating System or Microsoft Application software for use outside of Arizona.  This Release does not include claims relating to Microsoft's conduct, acts or omissions that take place after December 31, 2008.  However, this release does include any and all claims referenced above relating to Microsoft's conduct, acts or omissions that occurred on or prior to December 31, 2008 and should be construed broadly to the maximum extent permitted by law.

# EXHIBIT B

Arizona State Board of Podiatry Examiners.